IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Danfoss A/S, | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) |
| Hansen Technologies, Inc., | ) |
|     Defendant. | ) November 12, 2010 |

## COMPLAINT

Plaintiff Danfoss A/S ("Danfoss") brings this Action for patent infringement against Defendant Hansen Technologies, Inc. ("Hansen"). For its Complaint, Plaintiff Danfoss hereby alleges:

**Parties**

1. Plaintiff Danfoss is a corporation organized under the laws of Denmark and has its principal place of business at DK-6430 Nordborg, Denmark.

2. Upon information and belief, Defendant Hansen is a corporation organized under the laws of the State of Illinois, and having its principal place of business at 400 Quadrangle Drive, Suite F, Bolingbrook, Illinois 60440.

**Jurisdiction and Venue**

3. Jurisdiction of this Court with respect to the claims set forth herein arises under the patent laws of the United States, as set forth in Title 35, United States Code. Jurisdiction is also founded upon 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue in this District is appropriate pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

5.      Upon information and belief, Defendant Hansen conducts regular business in this District.

**Facts**

6.      On February 12, 2008, U.S. Patent No. 7,328,593, entitled "Refrigerant Valve Arrangement" (hereinafter "the '593 patent"), was duly and legally issued to Plaintiff Danfoss by the United States Patent and Trademark Office, on an application filed by Joergen Seindal Wiwe, Kenneth Michelsen and Lars Denning on December 10, 2004.  A true and correct copy of the '593 patent is attached hereto as Exhibit A.

7.      Plaintiff Danfoss is the owner by assignment of the '593 patent from the inventors, Joergen Seindal Wiwe, Kenneth Michelsen and Lars Denning.

8.      Plaintiff Danfoss designs, manufactures, sells and distributes, *inter alia,* a full range of refrigeration products, including but not limited to refrigerant valve arrangements, such as the ICF Industrial Control Solution.

9.      Upon information and belief, Defendant Hansen manufactures, sells or otherwise distributes, *inter alia,* refrigeration products, including but not limited to refrigerant valve arrangements.  Upon further information and belief, Defendant Hansen manufactures, sells, and offers for sale "MVP Multi-Valve Platform Valve Station" products.  A printout of Defendant Hansen's MVP Multi-Valve Platform Valve Station, available on Hansen's website at *http://www.hantech.com*, is attached hereto as Exhibit B.

10.      Upon information and belief, Defendant Hansen is aware of the '593 patent.

## Count I
## Patent Infringement

11.     Plaintiff Danfoss realleges and restates each and every allegation set forth in paragraphs 1-10 inclusive, and incorporates them herein by reference.

12.     Without the consent or authorization of Plaintiff Danfoss, Defendant Hansen has infringed the '593 patent by making, using, selling or offering for sale certain products covered by at least one claim of the '593 patent in this District and elsewhere in the United States, and will continue to do so unless enjoined by the Court.

13.     Defendant Hansen's infringement of the '593 patent has irreparably damaged Plaintiff Danfoss in an amount that is unknown and cannot at the present time be ascertained, and will cause added injury and loss unless Defendant Hansen is enjoined by this Court.

14.     Upon information and belief, Defendant Hansen's continued infringement of the '593 patent is knowing and willful, and in total disregard of Plaintiff Danfoss' exclusive rights under the '593 patent.

## Prayer for Relief

WHEREFORE, Plaintiff Danfoss seeks judgment as follows:

1.      That the Court declare that the '593 patent is valid and infringed by Defendant Hansen.

2.      That the Court preliminarily and permanently enjoin Defendant Hansen, and anyone acting in concert with it, from infringing the '593 patent as provided in 35 U.S.C. § 283, and specifically bar Defendant Hansen, and anyone acting in concert with

it, from making, using, selling or offering for sale in the United States products that infringe the '593 patent.

     3.     That the Court award Plaintiff Danfoss damages, as provided in 35 U.S.C. § 284, in an amount to be proven at trial, for infringement of the '593 patent by Defendant Hansen.

     4.     That the Court award Plaintiff Danfoss treble damages as provided in 35 U.S.C. § 284.

     5.     That the Court declare this case exceptional and award Plaintiff Danfoss its costs in this Action, together with reasonable attorneys' fees as provided in 35 U.S.C. § 285.

     6.     That Plaintiff Danfoss be awarded such other and further relief, general and special, at law or in equity, which this Court, in its discretion, may deem just and proper.

Respectfully submitted,

Danfoss A/S,
Plaintiff

Dated: November 12, 2010        By   /Marina F. Cunningham/
                                           Marina F. Cunningham (ct 19475)
                                             cunningham@ip-lawyers.com
                                           Wm. Tucker Griffith (ct 19984)
                                             tucker@ip-lawyers.com
                                           McCORMICK, PAULDING & HUBER LLP
                                           CityPlace II, 185 Asylum Street
                                           Hartford, CT 06103-4102
                                           Tel. (860) 549-5290
                                           Fax (860) 527-0464

Its Attorneys